Gust Larson, Defendant in Error, v. James J. Ford and Mary E. Ford. Mary E. Ford, Plaintiff in Error.

Gen. No. 7,971.

Opinion filed March 21, 1929.

NORTH, LINSCOTT, GIBBONEY & NORTH, for plaintiff in error.

LARGE & RENO, for defendant in error; WILBUR E. JOHNSON, of counsel.

HYER & GILL and HALL & DUSHER, for James J. Ford.

MR. JUSTICE JETT delivered the opinion of the court.
The defendant in error, Gust Larson, filed his bill for specific performance against James J. Ford and Mary E. Ford, his wife. In the bill of complaint it was alleged that Larson, on April 10, 1925, entered into an agreement for a warranty deed, by which Larson agreed to buy and James J. Ford and Mary E. Ford agreed to sell lots 18, 19 and 20, as designated

upon the plat of J. J. Ford subdivision, being a sub-. division of a part of the south one-half of the southeast quarter of section 11, township 44 north, range 1, east of the third principal meridian, situated in the county of Winnebago and state of Illinois; that he agreed to pay $3,000 for the lots; that upon the execution of the contract he paid James J. Ford and Mary E. Ford, $500; on October 15, 1925, he paid James J. Ford $500 and $75 interest; on May 13, 1926, he paid James J. Ford $60 interest; on August 10, 1926, he paid James J. Ford $500; that on October 13, 1926, he paid James J. Ford $45 interest and a further sum of $45 interest on April 18, 1928; that the complainant understands the above property is the subject matter of litigation between the Fords; that from time to time he has endeavored to pay the Fords the balance due on the lots, but that James J. Ford has represented that he has spent a large part of the money so paid to him by the complainant in paying taxes and insur-, ance and making repairs on the premises; that James J. Ford refuses to sign a deed unless the complainant will deposit with some bank or disinterested person the sum of money so due, said sum to be awarded by the court, to such person or persons as may be entitled to the same upon a hearing of the issues involved in this cause; that Mary E. Ford refuses to execute a deed unless she is paid $1,250 as her share of the purchase price of the property; that he has made a tender of the amount due to James J. Ford and Mary E. Ford, but that each of them refuses to convey their interests in the premises; that the complainant is ready and willing to pay the balance of the purchase price in such manner and in such proportions, to each of the defendants, as the court may determine.

The bill concludes with a prayer for relief, asking that James J. Ford and Mary E. Ford be compelled to specifically perform their agreement to convey, and

that if it appears necessary to the court, to have an account between the Fords to determine who is entitled to the residue of the purchase money, or to determine the proportion which each is entitled to receive, then the court shall order the money to be paid to a disinterested person or persons to hold the same for the use of the person or persons who may be entitled to receive the same upon a hearing.

James J. Ford and Mary E. Ford each answered the bill; each admitted the execution of the contract. The defendant James J. Ford admitted the payments as stated in the bill of complaint, and also that there is litigation between himself and Mary E. Ford, and admits that he has requested that the balance of the purchase price be deposited with some disinterested person to be held to await the litigation between himself and Mary E. Ford, which is a bill for an accounting.

Mary E. Ford, by her answer, not only admits the execution of the contract, but states that she was, at the time of the execution thereof, the owner of an undivided one-half interest in said premises; she admits $500 was paid at the time of the execution of the contract; that she has received no part of the payments of principal or interest due on the contract; she states that James J. Ford is not her agent to accept money, or any part thereof, due on said contract; that she is ready and willing, and now offers, to execute a deed to said premises, on payment to her of $1,250, and interest thereon, as her share, which she claims is due and payable to her.

A hearing was had and the chancellor decreed specific performance and that the sum remaining due should be deposited with the clerk of the court to be kept by him in a bank, and to be finally distributed in pursuance with the decree to be entered in the accounting suit. The decree further provides that in the event

the defendants in the original bill, James J. Ford and Mary E. Ford, refuse to make a deed to Larson, within five days from the date of the decree, the master in chancery should execute it. Mary E. Ford has brought the case to this court on writ of error.

The evidence discloses that on or about April 10, 1925, James J. Ford and Mary E. Ford entered into a contract of sale of the said lots in question to Gust Larson. The evidence further shows $500 was paid by Larson when the contract was executed, which was deposited to the joint account of James J. Ford and Mary E. Ford. Larson made further payments to James J. Ford thereafter, until there remained due, including interest, $1,545. Larson was willing to make payment of this amount upon the execution of a deed to him by James J. Ford and Mary E. Ford, his wife. That prior to the institution of this suit Larson offered to pay to the said defendants the said sum of $1,545 on their making, executing and delivering of a good and sufficient warranty deed of the aforesaid premises in accordance with the terms of the written agreement, and that the said James J. Ford and Mary E. Ford failed and refused to accept the payment of the said amount of money, and failed and refused to execute a good and sufficient warranty deed to the said premises.

It is further shown that Larson, at the beginning of the trial of this cause, again tendered to James J. Ford and Mary E. Ford, in open court, the said sum of $1,545 and deposited the same with the clerk of the court for payment to the said defendants, namely, the said James J. Ford and Mary E. Ford, and that the said James J. Ford and Mary E. Ford refused and failed to accept the same, and to make, execute and deliver a deed in accordance with the terms of said contract.

Some time before the making of the offer of the final payment by Larson, James J. Ford and Mary E. Ford

were in dispute with respect to an accounting, and she filed a suit against her husband, James J. Ford, to enforce an accounting concerning matters between them, and involving the above subject matter in controversy in this proceeding. Said suit between the Fords is now pending and undetermined.

The objection made to the decree, by Mary E. Ford, is that it should have provided for the payment of $1,250, and interest, to her. Larson has complied with the terms and provisions of the contract.

The court ordered the money deposited with the clerk, and the court, upon a hearing in the accounting case, between the Fords, can make such order relative to such money as it may appear to be just and equitable.

We are of the opinion the decree is a proper one. The dispute between Ford and his wife should not be permitted to interfere with the rights and interest of Larson. He is entitled to a deed, and the court made proper provisions to obtain one for him. It may take some time for the adjustment of the controversy between Ford and his wife, and the final payment can be awarded as the decree in the suit for accounting may direct. The decree of the circuit court of Winnebago county is therefore affirmed.

*Judgment affirmed.*